# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                      Criminal No. 12-183 SRN/AJB

                Plaintiff,

v.                                             **REPORT AND RECOMMENDATION**

Michael Allen Smith,

                Defendant.

       Richard A. Newberry, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

       Shannon R. Elkins, Esq., Assistant Federal Defender, for defendant Michael Allen Smith.

       This action came on for hearing before the Court, Chief Magistrate Judge Arthur J. Boylan, on August 21, 2012, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Testimony was presented and exhibits were received at the hearing with regard to suppression of identification evidence, suppression of statements, and suppression of evidence obtained by search and seizure.

       Based upon the file and documents contained therein, along with testimony and exhibits presented at hearing, the magistrate judge makes the following:

**Findings**[1]

       A police dispatch was sent out on April 28, 2012, advising Minneapolis police officers to respond to 911 calls (Gov't Hrg. Ex. 1) reporting two separate incidents of armed

---

[1] The government's sole witness at the motions hearing, ATF Special Agent Angeline Portel, is the case agent in this matter and first became involved in the matter on or about June 14, 2012. Special Agent Portel's testimony was based upon interviews of officers and review of the police reports.

robbery committed in the area of 26th St. and Penn Ave. in north Minneapolis, Minnesota. One of the robberies involved two identified female victims and the other robbery involved an identified male victim. The women victims described the robbers as three black males wearing black hoodies and they stated that one of the robbers had a silver pistol. Minneapolis Police Officers Lessard and Warzinik promptly responded to the dispatch by squad car. A person meeting the description was seen walking on the west side of the street, northbound on Oliver Ave. near 27th St. and Oliver, approximately one block from the location of the robberies (Def. Hrg. Ex. 4). Officer Lessard shined a spotlight on the man and observed him looking back at the squad car over his shoulder and then changing direction to go into an adjacent vacant lot (Def. Hrg. Ex. 1). The man walked from the sidewalk into the lot approximately 10-to-15 feet and dropped a long gun that he pulled from his pants. Officer Lessard stopped his squad car and ordered the man to stop. When the man fled, Lessard took chase. Other officers set up a search perimeter and the person, identified as defendant Michael Allen Smith, was caught within a few minutes near 2815 Newton Av. No. During the chase Officer Warzinik located the tossed firearm in the vacant lot. A bag of ammunition was also found in the grass, within inches of the gun. The record before the court does not establish whether officers ever lost sight of the suspect-in-flight during the course of the chase. No robbery contraband or weapons were found on the defendant in a search of his person.

**Show-ups.** Officer Dubuque first spoke with the male robbery victim when the victim flagged down the officer to report the robbery. The victim described the incident and described the three robbers, stating that one of them was a chubby African-American male, about five-foot-eleven inches in height and wearing a dark blue Twins jacket, who held a silver

2

revolver to his head; another was an African-American male, five-foot-eight to five-foot-nine in height, in his 20's in age, who held a gun to the victim's torso; and the third was an African-American male who stood about 20 feet apart from the others. The victim indicated that he could identify the two men who had each held a gun on him. He was advised that a possible suspect had been stopped, but it was not necessarily a person that had robbed him. The victim agreed to participate in an identification show-up procedure and stated that he would not identify the person unless he was sure. The victim was then taken by police squad car to the suspect's location about a block away. The victim stayed in the squad car (Gov't Hrg. Ex. 2) and a spotlight was place on the suspect. The victim immediately stated "that's the guy, that's the guy that took my money." He further indicated that the person was the second man he had previously described who had held a gun to his stomach and put his hands into the victim's pockets. The identified robber, defendant Michael Allen Smith, is 30 yrs. of age, five-foot-ten in height, and was wearing a dark gray sweatshirt and shiny, silver-colored pants. The victim stated that he was 100% certain of his suspect identification.

The two female victims of the other robbery that had been reported in the area on April 28, 2012, each provided descriptions of persons who had robbed them, but the women were unable to make a positive show-up identification of defendant Smith as one of the robbers.

**Interview Statements.** On April 30, 2012, Minneapolis Police Sgt. Carlson met with defendant Michael Smith on the fourth floor of the Hennepin County Jail to conduct an interview. The interview commenced at approximately 1:42 p.m. and was audio recorded (Gov't Hrg. Ex. 3). Sgt. Carlson identified himself and explained that the interview concerned the April 28, 2012, robberies. The officer did not display a weapon and the defendant was not physically

restrained. The defendant was given the Miranda rights advisory before questioning. No threats or promises were made to induce cooperation. The defendant understood the questions and his answers were appropriate and responsive to the questions. He was not denied food or water during the interview and he made no request for the assistance of an attorney or that the interview cease. The tone of the interview was neutral, i.e. neither combative nor friendly. The meeting lasted approximately 34 minutes.

Based upon the foregoing Findings, the magistrate judge makes the following:

**Conclusions**

**Hearing Witness.** In deciding motions to suppress, consideration of evidence presented at hearing through examination of a witness who based her testimony upon written police reports and information provided by officers is not a violation of defendant's right to due process, and suppression of evidence on that basis is not required. Defendant correctly asserts that the sole witness called by the government at the hearing on suppression motions, ATF Special Agent Angeline Portel, was not a participant in the defendant's apprehension and arrest on April 28, 2012, and she did not have personal knowledge or substantial involvement as to the events underlying the motions to suppress. Rather, Special Agent Portel became involved as the case agent in the matter approximately one month after the offense occurred.[2] She reviewed the police reports that had been written in the case and she wrote a summary report on or about June 14, 2012. Special Agent Portel also spoke with Officers Lessard and Warzinik and Sgt. Carlson in regards to the investigation of the robberies, and she further talked with BCA forensic

---

[2] The defendant objected to Special Agent Portel's testimony on hearsay grounds soon after she was called to testify at the hearing. The court overruled the objection and examination proceeded.

scientists and ATF personnel who had conducted firearms examinations. The underlying reports were provided to the United States Attorney's Office and were subsequently disclosed to defendant's counsel in this matter.

Defendant contends that the government's reliance on hearsay and double hearsay violated his due process right to meaningful cross-examination and in particular, resulted in an insufficient fact record for the court to consider in determining whether the show-up identification should be admissible. However, "the right of confrontation does not apply to the same extent at pretrial suppression hearings as it does at trial. '[T]he interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself. At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.'" United States v. Boyce, 797 F.2d 691, 693 (8th Cir. 1986) (quoting United States v. Raddatz, 447 U.S. 667, 679 (1980)). Furthermore, Federal Rule of Evidence 104(a) provides that the court must decide the preliminary question of whether a witness is qualified or evidence is admissible and in so deciding the court is not bound by the rules of evidence except as to privilege. Id. As to the Sixth Amendment right of confrontation in pretrial proceedings, hearsay statements by informants are admissible and there is no compelling basis on which to distinguish the hearsay statements of arresting officers for admissibility purposes. Id. Essentially, hearsay may be accepted at a suppression hearing so long as the court is persuaded that the statements were actually made and there is no cause for serious doubt about truthfulness. Id. (citing United States v. Matlock, 415 U.S. 164, 175-77 (1974). The veracity of hearsay statements can be shown by reference to police reports, as well as the witness' own summary report. Id.

5

In the present instance the court is persuaded that the pertinent evidence provided by the witness was provided to her in reports and discussion with officers who were directly involved in the arrest and investigation, and the court finds no cause to seriously doubt the truthfulness of the information that was conveyed to the court via the witness, even though it was hearsay. Furthermore, presuming that the appropriate witness(es) will testify and be subject to cross-examination at trial with respect to relevant matters, there is no violation of the defendant's right to confront the witness who was absent from the suppression hearing. Boyce, 797 F.2d at 693-94.

**April 28, 2010, Arrest**. Defendant Michael Smith's arrest on April 28, 2012, was based upon evidence sufficient to establish probable cause that he had committed a criminal offense. The seizure of his person was therefore lawful, and evidence on his person was lawfully seized incident to the arrest. See United States v. Goodwin-Bey, 584 F.3d 1117, 1119-20 (8th Cir. 2009). To the extent that the defendant may be challenging seizure of the firearm, defendant Michael Smith does not have grounds to challenge the seizure of a firearm that had been discarded and was abandoned at the scene. United States v. Richardson, 537 F.3d 951, 957 (8th Cir. 2008). Suppression of the arrest and evidence obtained near the arrest scene or from the defendant's person is not required.

**Show-up.** Suppression of identification evidence on grounds that a witness identification of the defendant was made pursuant to constitutionally impermissible show-up procedures is not required. Defendant was not subjected to overly suggestive identification procedures at the scene of his arrest under circumstances in which he was identified by a person who had observed him only minutes prior to making the identification, and the person was

highly certain of his identification after being advised that the suspect might not be one of the individuals involved in the robbery. Even if the court were to assume that the pretrial confrontation in this instance was impermissibly suggestive, the court concludes that the identification was not made under circumstances that would create a substantial likelihood of misidentification and is unreliable on that ground. United States v. Jones, 535 F.3d 886, 891 (8th Cir. 2008) (citing United States v. Martinez, 462 F.3d 903, 910 (8th Cir. 2006)).

Defendant argues that the identification should be found unreliable because no evidence was presented as to the number of officers at the scene; whether guns were drawn; the distance between the suspect and the victim; and whether the victim may have overheard police communications regarding the chase, the suspect's clothing and discovery of the gun. Defendant also contends that additional factors relating to prior descriptions of the robbers by each of the victims, the poor lighting, and the male victim's focus of attention during the robbery, compel a determination that the show-up identification was tainted by a substantial likelihood of misidentification. The government on the other hand asserts that certain aspects of most show-up identifications, such as a suspect in handcuffs and multiple police officers in very close proximity, do not make the procedure impermissibly suggestive, but rather, are matters that can be considered and weighed by a jury, along with certainty of the victim's identification. In addition, the government insists that there was not a substantial likelihood of irreparable misidentification under the totality of circumstances whereby the show-up witness had close contact and opportunity to view the defendant during the robbery, the victim was focused on the individuals holding guns on him, the victim's prior description of suspect was generally accurate, the identification was made with substantial certainty, and a mere 30 minutes passed

between the crime and the identification procedure. See Manson v. Brathwaite, 432 U.S. 98, 114 (1977).

It is the inherent nature of one person show-up identification procedures that they are suggestive. Therefore, a show-up procedure with a suspect in handcuffs, surrounded by any number of officers, and viewed in the lighting and other conditions of the crime scene, is typical and generally suggestive, but is not necessarily impermissible, absent unique circumstances. While the defendant's inability to elicit hearing testimony as to circumstances of the show-up, purportedly the result of the government's failure to make an appropriate witness available, is asserted as a significant procedural infirmity in this case, the defendant did have his own experience and the opportunity to review police reports for the purpose of evaluating whether some egregious police conduct rendered the identification procedure impermissible. In this instance the court finds no special circumstances and no basis on which to conclude that the show-up identification should be suppressed.

In any event, the court concludes that there was not a substantial likelihood of irreparable misidentification. The court finds that the identifying person had opportunity to view the suspect during the robbery. The witness had direct contact with the suspect and was able to accurately describe his clothing and physical characteristics. Importantly, the witness demonstrated no hesitancy and a high level of certainty at the time of the show-up. Jones 535 F.3d 886, 891 (quoting factors cited in United States v. Williams, 340 F.3d 563, 567 (8th Cir. 2003)). Under the totality of the circumstances relating to the show-up identification in this matter, there is minimal likelihood of misidentification by the witness, and defendant's motion to suppress identification evidence should therefore be denied.

**April 30, 2012, Interview Statements.** Defendant Michael Allen Smith's interview statements to Sgt. Carlson in a jail interview conducted on April 30, 2012, were provided voluntarily and were not obtained in violation of the defendant's constitutional rights. (Gov't Hrg. Ex. 3). The defendant was properly advised and was able to understand and comprehend his rights pursuant to Miranda as orally presented to him. He was not subjected to force, threats, or promises in exchange for his statements, and he effectively waived his right to remain silent and his right to the assistance of counsel. Upon considering the totality of circumstances, the court is persuaded that defendant's will was not overborne; and he knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have an attorney present during questioning. Suppression of defendant's interview statements on April 30, 2012, is not required.

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Michael Allen Smith's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 18];

2. Defendant Michael Allen Smith's Motion to Suppress Statements, Admissions and Answers be **denied** [Docket No. 19]; and

3. Defendant Michael Allen Smith's Motion to Suppress Eyewitness Identifications be **denied** [Docket No. 20].

Dated:   September 20, 2012

                                        s/Arthur J. Boylan
                                        Arthur J. Boylan
                                        United States Chief Magistrate Judge


        Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before October 4, 2012.