# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,         Cr. No. 12-183 (SRN/AJB)

  v.

                      **MEMORANDUM OPINION**

Michael Allen Smith,                 **AND ORDER**

        Defendant.

---

Richard A. Newberry, Jr., United States Attorney's Office, 300 South Fourth Street Suite 600, Minneapolis, MN 55415, for Plaintiff.

Katherian D. Roe and Shannon R. Elkins, Office of the Federal Defender, 300 South Fourth Street Suite 107, Minneapolis, MN 55415, for Defendant.

---

SUSAN RICHARD NELSON, United States District Judge

     Before the Court are Motions in Limine filed by Michael Allen Smith ("Defendant") on November 30, 2012, December 3, 2012, and December 4, 2012. (Doc. Nos. 47, 59–61.) Defendant seeks to redact the Indictment, enter into an stipulation pursuant to Old Chief v. United States, 519 U.S. 172, 190 (1997), exclude evidence of his prior convictions for impeachment purposes if he chooses to testify, and redact portions of his statements in this case. (Id.) Also before the Court are Motions in Limine filed by the Government on November 30, 2012, requesting that the Court provide a flight instruction to the jury, allow the use of prior felony convictions as impeachment evidence, and preclude hearsay evidence from the Government's DNA and fingerprint

1

testing results. (Doc. Nos. 50–53.) For the reasons that follow, the Court grants the Motions in part and denies them in part.

A. **Defendant's Motion to Redact the Indictment**

Defendant moves the Court to bar the admission of any portion of the Indictment that references the nature and name of Defendant's prior convictions. (Doc. No. 47.) Defendant argues that such information is irrelevant, subject to an improper inference by the jury, and more prejudicial than probative. (Id.) Defendant asks that all references to the Indictment to the jury replace the description of the Defendant's prior felonies with a statement that he was "a person prohibited by law from possessing a firearm." (Id.) The Government agrees that the Indictment should be redacted to remove the description of Defendant's prior felonies, but contends that the Court should retain the language in the Indictment that says the Defendant has previously "been convicted of crimes punishable by imprisonment for a term exceeding one year." (Gov't's Resp. to Def.'s Mots. in Limine, Doc. No. 63, at p. 3; Indictment, Doc. No. 1, at p. 1.)

The Court agrees with the Government that the Indictment should contain language stating that the Defendant was previously convicted of a crime punishable for a term exceeding one year.[1] The statute that Defendant is alleged to have violated—18 U.S.C. § 922(g)(1)—makes it unlawful for anyone "who has been convicted in any court

---

[1] At the final pretrial conference held before the Court on December 6, 2012, Defendant requested that the Government redact the Indictment to state that Defendant had been convicted of "a crime" instead of "crimes" punishable by imprisonment for a term exceeding one year. Defendant argued that the Government's burden under § 922(g)(1) is only to prove that the Defendant had been convicted of "a crime," not multiple crimes. The Government did not object to Defendant's request and therefore the Court will grant Defendant's request.

2

of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition. " As such, it is the Government's burden to show beyond a reasonable doubt that the Defendant had been convicted of a "crime punishable by imprisonment for a term exceeding one year" not merely that the Defendant was "prohibited from possessing a firearm" as the Defendant suggests.

Accordingly, the Court grants Defendant's request to redact the portion of the Indictment containing the name and description of his prior felonies, but denies his request to redact the sentence in the Indictment that alleges he had previously been convicted of a crime "punishable for a term of imprisonment exceeding one year." (Doc. No. 1.)

### B. Defendant's Motion for an Old Chief Stipulation

The Defendant also moves for an Old Chief stipulation that states that he was "prohibited from possessing a firearm at the time in question in this case." (Doc. No. 59.) The Government responds that any Old Chief stipulation must include the fact that Defendant "had been convicted of an offense punishable by a term of imprisonment exceeding one year, and was thus prohibited from possessing a firearm." (Gov't's Response Br. at p. 3.)

The Court agrees with the Government that the Old Chief stipulation must include the fact that Defendant had been convicted of an offense punishable by a term of imprisonment exceeding one year. As discussed above, § 922(g)(1) makes it unlawful for anyone who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition. "

3

Therefore, it is incumbent upon the Government to prove that Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

In Old Chief, the Supreme Court held that where the defendant's status as a felon is an element of the crime charged, and a defendant offers to stipulate to his prior record for purpose of establishing a prior felony under 18 U.S.C. § 922(g), the Government must accept this stipulation and may not present further evidence of defendant's prior criminal history before the jury. 519 U.S. at 190. The defendant's proposed stipulation in Old Chief stated that he had "been convicted of a crime punishable by imprisonment exceeding one (1) year." Id. at 175.

Eighth Circuit precedent also confirms that an Old Chief stipulation must include language that the Defendant was previously convicted of a crime punishable by a term exceeding one year. For example, in United States v. Mahasin, the court stated that when the "defendant's status as a felon is an element of the crime charged, all the jury needs to know is that he is a felon for purposes of the crime charged." 442 F.3d 687, 690 (8th Cir. 2006) (emphasis supplied). Similarly, in United States v. Jones, the court stated that "[b]ecause appellant chose not to stipulate to his status as a felon, it was not improper for the district court to allow the prosecution to present limited evidence of multiple felony convictions in order to sustain its burden of proof on that element of the crime." 266 F.3d 804, 812 (8th Cir. 2001) (citations omitted and emphasis supplied).

Accordingly, the Court denies the Defendant's request for an Old Chief stipulation merely stating that he was a person "prohibited from possessing a firearm" and finds that should the Defendant decide to enter into an Old Chief stipulation with the Government,

4

the stipulation must include a statement that the Defendant was previously convicted of a crime "punishable by imprisonment for a term exceeding one year."

### C. Defendant's Motion to Redact Statements

The Defendant also moves the Court for an order that any presentation to the jury of recorded statements made by the Defendant in this case, whether spoken or written, be redacted to remove references to his alleged gang affiliation, the length of his prison sentence, and the parole status of his roommates. (Doc. No. 60). Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Additionally, Rule 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Defendant argues that the "bulk of the information sought to be redacted occur[ed] at the beginning of [Defendant's] interrogation . . . on April 30, 2012, before a <u>Miranda</u> warning [was] read to [Defendant]." (Doc. No. 60.) Defendant also argues that information related to his alleged gang affiliation, length of previous prison term, or roommates is irrelevant to the issue of whether he possessed a firearm on April 28, 2012. (<u>Id.</u>) The Defendant further asserts that this information is highly prejudicial. (<u>Id.</u>)

At the final pretrial conference before the Court on December 6, 2012, the Government responded to Defendant's Motion and stated that it was not opposed to redacting certain statements made by the Defendant under Rules 401 and 403. The

5

Government requested, however, that the Defendant provide it a copy of the transcript of his statements with proposed redactions to which it could respond. Defense counsel informed the Court during the hearing that she would provide a copy of the transcript with proposed redactions to the Government prior to trial. Accordingly, the Court defers ruling on this Motion until the Government has an opportunity to review the Defendant's proposed redactions. It appears that the parties may be able to resolve this dispute without Court intervention.

### D. The Government and Defendant's Rule 609(a) Motions

The Government and Defendant both move in limine for a determination by the Court as to whether the Government is allowed to present evidence on the Defendant's prior felony convictions for impeachment purposes if he chooses to testify. (Doc. Nos. 50, 61.) Defendant pled guilty in 2001 to Third Degree Murder after "he swerved his car at a man on a bike to scare him, lost control of the vehicle and struck the porch of a home killing a five year old girl." (Doc. No. 61.) Additionally, while Defendant was incarcerated, he was "involved in two altercations with prison guards and was twice convicted for Fourth Degree Assault" in 2005 and 2006. (Id.)

Federal Rule of Evidence 609(a) provides two avenues for admitting a defendant's prior convictions for impeachment purposes. United States v. Collier, 527 F.3d 695, 699 (8th Cir. 2008). First, Rule 609(a)(2) states that crimes involving dishonesty or false statements are admissible, regardless of the punishment. Id. Second, Rule 609(a)(1) provides that a crime punishable by more than one year in prison "shall be admitted if the court determines that the probative value of admitting the evidence outweighs its

6

prejudicial effect." Id. Both are subject to limitation periods that are not applicable here. See id.

According to the Advisory Committee Notes on the 1990 Amendments to Rule 609(a)(2), crimes of dishonesty and false statements include "crimes such as perjury, subornation or perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." Id. Defendant's previous convictions do not involve crimes of dishonesty or false statements. Therefore, the Court is required to analyze whether to allow evidence of Defendant's prior convictions under Rule 609(a)(1) by engaging in a balancing test weighing whether the probative value of his prior convictions outweighs their prejudice.

In determining the probative value of a previous conviction for impeachment, the Eighth Circuit has stated "prior convictions are highly probative of credibility because of the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." Collier, 527 F.3d at 700 (citation omitted). The Eighth Circuit has also concluded that in certain situations "[t]he introduction of [the witness's] specific felony could easily have distracted the jury from its task without adding any real probative information to their deliberations." United States v. Ford, 17 F.3d 1100, 1103 (8th Cir. 1994). Indeed, it is "within the district court's discretion to conclude that the nature of [the witness's prior offense] might inflame the jury." Id.

7

For example, in Foulk v. Charrier, a prisoner brought a § 1983 action against a corrections officer, alleging the use of excessive force in violation of his Eighth Amendment rights. 262 F.3d 687, 692 (8th Cir. 2001). During trial, the district court refused the correction officer's attempt to introduce evidence showing the specific nature of the prisoner's prior felonies under Rule 609(a)(1). Id. at 699. On appeal, the corrections officer argued that the district court's failure to allow the prisoner's previous felonies to be used as impeachment impeded the jury's ability to fully assess the prisoner's credibility. Id. The corrections officer also argued that "a limiting instruction could have addressed any potential for unfair prejudice." Id. The Eighth Circuit disagreed and held that the district court did not abuse its discretion in refusing to allow the corrections officer to present evidence of the prisoner's prior felonies. Id. The record demonstrated that the district court "had carefully weighed the probative value of the convictions against the potential for prejudice." Id. at 700; see also, United States v. O'Neil, 839 F. Supp. 2d 1030, 1036 (S.D. Iowa 2011) (determining that evidence of the defendant's prior crimes was not admissible under Rule 609(a)(1) because it "would have no additional probative value regarding [d]efendant's honesty or credibility, and would only risk causing him additional prejudice").

The Eighth Circuit has recognized that "in this circuit a defendant generally is not entitled to an advance determination of the scope of cross-examination concerning convictions prior to taking the stand." United States v. Key, 717 F.2d 1206, 1208 (8th Cir. 1983) (citations omitted). The court has noted that "[u]ndoubtedly, the better practice in applying the 609(a)(1) test is for the trial court to make an on-the-record

finding that the test weighs in favor of or against admitting the prior conviction, but such a finding at times may not be made with confidence until the defendant has testified." Id. at 1208–09 (citations omitted).

Accordingly, in the event that the Defendant chooses to testify at trial, the Court will defer ruling on whether the Government may impeach the Defendant using his prior convictions until he has testified.

### E. The Government's Motion for a Flight Instruction

The Government moves the Court to provide a flight instruction to the jury. (Doc. No. 53.) The Government asserts that it will present evidence that on April 28, 2012, the Defendant "looked over his shoulder at the marked police car, then changed directions, tossed the firearm to the ground, and fled from the police on foot." (Gov't Pretrial Br. at p. 11.) As such, the Government argues that a flight instruction is warranted to the jury.

In United States v. Webster, a police officer pulled his marked police car behind the defendant's vehicle and activated the police car's emergency lights and siren. 442 F.3d 1065, 1066 (8th Cir. 2006). Instead of pulling over, the defendant accelerated in an attempt to escape the police officer. Id. Once the officer was able to stop the defendant, he saw in the vehicle an automatic pistol in the defendant's car. Id. The defendant was later indicted for possession of a firearm in violation of § 922(g)(1). Id. At trial, the district court provided a flight instruction to the jury and the jury found the defendant guilty. Id. The district court's instruction stated:

> You may also consider any evidence of flight by the defendant, along with all of the evidence in the case, and you may consider whether this evidence

> shows a consciousness of guilt and determine the significance to be attached to any such conduct.
>
> Whether or not evidence of flight shows a consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within the province of the jury. In your consideration of the evidence of flight you should consider that there may be reasons for this which are fully consistent with innocence.

Id. The defendant argued on appeal that the district court erred in instructing the jury that it could consider his flight from police to infer consciousness of guilt. Id.

The Eighth Circuit stated that "[a] flight instruction may be given when such instruction is warranted by the evidence presented at trial." Id. at 1067. The court held that the district court did not abuse its discretion in providing the flight instruction to the jury because "[w]hile the flight instruction allowed the jury to consider the flight evidence, it also instructed the jury to consider all the evidence admitted during the trial and determine what significance, if any, to attach to the flight evidence." Id.; see also United States v. El-Alamin, 574 F.3d 915, 927 (8th Cir. 2009) (finding that a flight instruction by the district court was appropriate given the evidence presented at trial).

Just as in Webster, the Government here intends to present evidence regarding Defendant's flight when he became aware of the police. The Court will follow Eighth Circuit precedent, but will reserve judgment on whether a flight instruction is necessary until the evidence has been presented at trial. Accordingly, the Court will revisit this issue at the jury instruction conference.

### F. The Government's Motion to Preclude Hearsay Testimony of the DNA and Fingerprint Testing Results

The Government moves the Court to prohibit Defendant from asking any witness about the DNA or fingerprint testing results in this case without first showing that the witness performed DNA or fingerprint testing on the evidence. (Doc. Nos. 51–52.) The Government argues that testimony about the DNA and fingerprinting tests from someone who did not perform the test would be hearsay. (Gov't's Pretrial Br. at p. 10.) The Government did note, however, that it has "no objection to the defendant calling a DNA expert to testify to the results of the DNA testing or a fingerprint expert to testify about fingerprint analysis." (Id.)

At the pretrial conference before the Court on December 6, 2012, Defense counsel stated that the Defendant would be calling the individuals who performed the DNA or fingerprint testing on the evidence in this case as witnesses. Defense counsel also stated that she did not anticipate asking any of the Government's witnesses about the DNA or fingerprint testing results during the Government's case-in-chief. Accordingly, the Court finds that the Government's Motions in Limine to prelude evidence of the DNA and fingerprint testing on hearsay grounds must now be denied as moot.

### G. Order

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion in Limine to Redact the Indictment (Doc. No. 47) is

    **GRANTED IN PART AND DENIED IN PART**. The Indictment should

be redacted to remove the description of Defendant's prior felonies when presented to the jury, but the statement that Defendant had previously been convicted of a crime "punishable by imprisonment for a term exceeding one year" may remain in the Indictment.

2. Defendant's Motion in Limine to enter into an <u>Old Chief</u> Stipulation (Doc. No. 59) is **DENIED IN PART**. Should the Defendant decide to enter into an <u>Old Chief</u> stipulation with the Government regarding his prior crimes, the stipulation must include a statement that the Defendant was previously convicted of a crime "punishable by imprisonment for a term exceeding one year."

3. Defendant's Motion in Limine to Redact Defendant's Statements (Doc. No. 60) is **DEFERRED** to allow the parties to resolve this dispute without Court intervention.

4. Ruling on Defendant's Motion in Limine to Exclude Evidence of His Prior Convictions for Impeachment Purposes (Doc. No. 61) and the Government's Motion in Limine to Allow Use of Prior Felony Convictions for Impeachment Purposes (Doc. No. 50) is **DEFERRED** until the Defendant testifies, if at all.

5. Ruling on the Government's Motion for a Flight Instruction to the Jury (Doc. No. 53) is **DEFERRED** until the evidence warranting the instruction is presented, if at all, at trial.

6. The Government's Motions in Limine to Preclude Hearsay Evidence of DNA and Fingerprint Results (Doc. Nos. 51–52) are **DENIED AS MOOT**.

Dated: December 7, 2012                     <u>s/Susan Richard Nelson</u>
                                            SUSAN RICHARD NELSON
                                            United States District Judge